UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANTHONY T. STALEY,

                           Plaintiff,

-against-

NAVY FEDERAL CREDIT UNION,

                           Defendant.

24-CV-8265 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Court's federal question jurisdiction, alleging that Defendant discriminated against him and failed to "provide customer service according to the banking regulatory rules." (ECF 1 ¶ I.) By order dated February 20, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint with leave to replead.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint against the Navy Federal Credit Union ("NFCU") regarding events allegedly occurring in New York City in June 2024. Plaintiff asserts that the NFCU "falsely" made a claim of "fraud against" his account and "restrict[ed his] debit card for a year, without explaining "who or what was fraudulent." (ECF 1 ¶ III.) Although the NFCU "clearly state[d]" that Plaintiff did not "commit fraud," the NFCU "us[ed] fraudulent evidence from another case" to "penalize[]" him, "deleted all relevant emails and messages to appeal the decision," and falsely claimed that Plaintiff "never file[d] an appeal when [he] did." (*Id.*). Plaintiff asserts that the NFCU "singled" him out, and that an "individual inside" is "working along with an individual here in New York sending false information to NFCU, and

that "[i]s part of the reason [he is] being treated the way [he is]." (*Id.*) Plaintiff seeks money damages. (*Id.*)

Since filing this complaint, Plaintiff has filed multiple motions seeking various forms of relief, including service of the complaint. (ECF 7-17.)

## DISCUSSION

Plaintiff alleges that the NFCU discriminated against him and failed to "provide customer service according to the banking regulatory rules." (ECF 1 ¶ I) Because Plaintiff alleges that the NFCU discriminated against him on the basis of his race, the Court construes his complaint as asserting a claim under 42 U.S.C. § 1981. Section 1981 prohibits racial discrimination in, among other things, all contractual relationships. *See Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 304 (1994).[1] Making and enforcing contracts includes, "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). *Rojas v. Signature Bank*, No. 18-CV-6757, 2019 WL 1333257, at *2 (E.D.N.Y. Mar. 25, 2019); *Nwachukwu v. Liberty Bank*, 257 F. Supp. 3d 280, 305 (D. Conn. 2017) ("Plaintiff and Defendant had a contractual relationship, as account holder and bank respectively, and Defendant's alleged discrimination concerned Plaintiff's ability to make and enforce that contract, one of the activities enumerated in § 1981.")

To state a claim of discrimination under Section 1981, a plaintiff must allege facts showing: "(1) [the] plaintiff[] [is a] member[] of a racial minority; (2) [the] defendant['s] intent to discriminate on the basis of race; and (3) discrimination concerning one of the statute's

---

[1] Claims under section 1981 can be brought against public or private entities, so long as the parties formed a contract. *See Johnson v. City of New York*, 669 F. Supp. 2d 444, 449 (S.D.N.Y. 2009); *see Oliver v. Navy Fed. Credit Union*, No. 23-CV-1731, 2024 WL 2786905, at *1 (E.D. Va. May 30, 2024) (describing the NFCU as "a member-owned, not-for-profit credit union that provides financial services to members of the military, veterans, and their families").

enumerated activities." *Brown v. City of Oneonta, N.Y.*, 221 F.3d 329, 339 (2d Cir. 2000). It "is insufficient to merely plead that race was a motivating factor in the discriminatory action." *Brown v. Montefiore Med. Ctr.*, No. 19-CV-11474, 2021 WL 1163797, at *5 (S.D.N.Y. Mar. 25, 2021) (citing *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 589 U.S. 327, 337-38 (2020)). Instead, "a plaintiff must initially plead and ultimately prove that, but for race, [he] would not have suffered the loss of a legally protected right." *Brown*, 2021 WL 1163797, at *5 (S.D.N.Y. Mar. 25, 2021) (citing *Comcast Corp.*, 589 U.S. at 337-38)).

Here, Plaintiff asserts that the NFCU froze his account and debit card because of suspected fraudulent activity and failed to provide him with adequate customer service. Although Plaintiff asserts that the NFCU discriminated against him because of his race, he does not identify his race or provide any facts suggesting that his race was a motivating factor in what occurred, much less that, "but for" his race, the events giving rise to this complaint would not have occurred.

Because Plaintiff does not set forth facts that support his claim of race discrimination, his conclusory allegations he fail to state a claim of race discrimination under Section 1981.

The Court denies without prejudice the pending motions. Because Plaintiff is proceeding IFP, this action is subject to the IFP statute's screening provision under Section 1915(e)(2)(B). Thus, before summonses are issued in this case, the district court must determine whether the action shall be dismissed (1) as frivolous or malicious, (2) for failure to state a claim, or (3) because the action seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B) (i)-(iii).

Because the Court has dismissed the complaint with leave to replead, it would be premature to order service or provide any other relief in connection with this action. Accordingly, the Court denies the motions without prejudice.

## LEAVE TO AMEND AND REFERRAL TO CLINIC

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In light of Plaintiff's *pro se* status, the Court grants Plaintiff 30 days' leave to amend his complaint, should he wish to do so, to replead his claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

Plaintiff is advised that there is a Pro Se Law Clinic available to assist self-represented parties in civil cases. The Clinic may be able to provide Plaintiff with advice in connection with hIS case. The Pro Se Law Clinic is run by a private organization called the City Bar Justice Center; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any self-represented party through the Pro Se Intake Unit).

To make an appointment, Plaintiff must complete the City Bar Justice Center's intake form. If Plaintiff has questions about the intake form or needs to highlight an urgent deadline

already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org). In-person appointments in the Thurgood Marshall Courthouse in Manhattan and the Charles L. Brieant Jr. Federal Building and Courthouse in White Plains are available Monday through Thursday, 10am to 4pm. Appointments are also available remotely Monday through Friday, 10am to 4pm.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days leave to replead. The pending motions are denied without prejudice, and the Clerk of Court is directed to terminate them. (ECF 8-17.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   June 13, 2025
         New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge