UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY T. STALEY,

        Plaintiff,

-against-

NAVY FEDERAL CREDIT UNION,

        Defendant.

24-CV-8265 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this action under the Court's federal question jurisdiction, 28 U.S.C. § 1331, alleging that Defendant "fail[ed] to provide customer service according to the banking regulatory rules" and engaged in "discrimination." (ECF 1 ¶ I.) By order dated February 24, 2025, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint on June 17, 2025, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## BACKGROUND

    In the original complaint, Plaintiff alleged that, in June 2024, Defendant "falsely" made a claim of "fraud against" his account and "restrict[ed his] debit card for a year, without explaining "who or what was fraudulent."[1] (ECF 1 ¶ III.) Although Defendant "clearly state[d]" that Plaintiff did not "commit fraud," Defendant "us[ed] fraudulent evidence from another case" to "penalize[]" him, "deleted all relevant emails and messages to appeal the decision," and falsely claimed that Plaintiff "never file[d] an appeal when [he] did." (*Id*.). Plaintiff further asserted that

---

[1] The Court quotes from Plaintiff's submissions verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

Defendant "singled" him out, and that an "individual inside" is "working along with an individual here in New York sending false information to [Defendant], and that "[i]s part of the reason [he is] being treated the way [he is]." (*Id.*) By order dated June 15, 2025, the Court construed Plaintiff's allegations as giving rise to a claim of race discrimination under 42 U.S.C. § 1981, and directed Plaintiff to file an amended complaint providing any additional facts to support such a claim. (ECF 18.)

In the amended complaint, Plaintiff clarifies that he is asserting claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA"); "relevant banking and consumer protection laws"; and the United States constitution, on the ground that Defendant allegedly violated his rights to equal protection and due process. Plaintiff also asserts state-law claims of "defamation and reputational damage," and violations of "consumer protection statutes against elder abuse," and "financial exploitation." (ECF 19 at 1.)

The following facts are drawn from the amended complaint. Plaintiff is a senior citizen and "9/11 survivor diagnosed with chronic conditions" who relies on Defendant for the "secure management of his federal retirement and pension funds." (*Id.*) Plaintiff alleges that he held several accounts and debit cards with Defendant, with no history of fraud or financial irregularities. (*Id.*) In or around 2024, Apple "issued a disputed charge to one of Plaintiff's cards." (*Id.*) Plaintiff challenged this charge under Defendant's dispute process. According to Plaintiff, Defendant "began arbitrarily shutting down all of [his] debit cards, not just the card under dispute," "refused to conduct an audit and failed to provide documentation substantiating any claims of fraud." (*Id.* at 2.) When a state-official called Defendant on Plaintiff's behalf, Defendant's representatives "rudely hung up and refused further cooperation, leaving Plaintiff in fear and financial hardship." (*Id.*) Plaintiff was forced to rely on family members to pay basic

bills due to frozen or closed accounts. (*Id.*) Plaintiff characterizes Defendant's acts or omissions as a "refusal to accommodate his disabilities." (*Id.*)

Plaintiff further states that Defendant "willful[ly participat[ed] in a defamation campaign using a falsified security flyer circulated by a co-defendant in a related matter." (*Id.*) This is an apparent reference to a prior complaint Plaintiff filed in this court in which he alleged that, in 2022, an official with the New York City Transit Authority ("NYCTA"), his former employer, disseminated a defamatory flyer bearing Plaintiff's name and image, falsely labeling him as a threat, and barring him from NYCTA premises without legal justification or due process. *See Staley v. Smart*, No. 23-CV-3546 (DEH) (VF) (S.D.N.Y. Aug. 14, 2025) (adopting report and recommendation and dismissing defamation claim against NYCTA because Plaintiff did "not adequately alleged special damages or defamation per se."), *appeal pending* (2d Cir.)

In this matter, Plaintiff seeks declaratory and injunctive relief and money damages. (*Id.* at 3.)

## DISCUSSION

**A.    Disability discrimination claims**

The Court construes the amended complaint as asserting disability discrimination claims under the ADA and the Rehabilitation Act. Title III of the ADA governs places of public accommodation, and guarantees that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Banking institutions are places of public accommodation within the meaning of the ADA. *See* 42 U.S.C. § 12182(7)(F). Money damages are not available under Title III of the ADA, *Powell v. Nat'l Bd. of Medical Exam'rs*, 364 F.3d 79, 86 (2d Cir. 2004), *op. corrected*, 511 F.3d 238 (2d

3

Cir. 2004), although a plaintiff could arguably seek injunctive relief, *see Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 94 (2d Cir. 2012).

Under the Rehabilitation Act, "no otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . ." 29 U.S.C. § 794(a). Plaintiff does not allege that Defendant receives federal funding, as would be required to state a claim under the Rehabilitation Act. *See* 29 U.S.C. § 794(a); *Rothschild v. Grottenthaler*, 907 F.2d 286, 289-90 (2d Cir. 1990). The Court will assume without deciding that the Rehabilitation Act applies to his claims, and that Plaintiff is disabled within the meaning of both statutes.

Because the standards under the ADA and the Rehabilitation Act "are generally the same and the subtle distinctions between the statutes are not implicated in this case, '[the Court will] treat claims under the two statutes identically'" for the purposes of this order. *Wright v. N.Y. State Dep't of Corrs.*, 831 F.3d 64, 72 (2d Cir. 2016) (quoting *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003)). The Second Circuit has held that the ADA and Rehabilitation Act do not require states to provide new services to the disabled, and only mandate "that a particular service provided to some not be denied to disabled people." *Disability Rights New York v. New York State*, No. 17-CV-6965, 2019 WL 2497907, at *22 (E.D.N.Y. June 14, 2019) (citing *Rodriguez v. City of New York*, 197 F.3d 611, 618 (2d Cir. 1999)).

To state a disability discrimination claim, a plaintiff must allege: (1) that he is disabled within the meaning of the statute; (2) that the defendant owns, leases, or operates a place of public accommodation; and (3) that the defendant discriminated against the plaintiff within the meaning of the statute. *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 368 (2d Cir. 2008). A plaintiff

4

must also allege that the "exclusion or discrimination was due to [the plaintiff's] disability." *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009) (quoting *Hargrave v. Vermont*, 340 F.3d 27, 34-35 (2d Cir. 2003)).

With respect to the third element, "a plaintiff can base a disability discrimination claim on any of 'three available theories: (1) intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable accommodation.'" *Brief v. Albert Einstein Coll. of Med.*, 423 Fed. Appx. 88, 90 (2d Cir. 2011) (quoting *Fulton*, 591 F.3d at 43). To bring a reasonable accommodation claim, a plaintiff must show that: (1) he suffers from a disability (2) known to the defendant, for which (3) a reasonable accommodation is necessary for the plaintiff's enjoyment of the facility, and (4) the defendant refused the accommodation." *Lopez v. New York City Dep't of Homeless Servs.*, No. 17-CV-3014, 2019 WL 3531955, at *4 (S.D.N.Y. Aug. 2, 2019), *report and recommendation adopted*, No. 17-CV-3014, 2019 WL 4593611 (S.D.N.Y. Sept. 23, 2019).

Even if the Court assumes that Plaintiff is disabled within the meaning of the ADA and Rehabilitation Act, the facts alleged do not give rise to an inference that any defendant discriminated against Plaintiff on the basis of a disability, or refused a requested accommodation. Plaintiff alleges that, after Apple disputed a charge on one of his accounts, Defendant froze all of his accounts, which deprived Plaintiff access for some period of time to the funds within those accounts. It is further alleged that Defendant declined Plaintiff's request for an "audit," or for transparency about its investigation into alleged fraud, and was uncooperative when an elected official called on Plaintiff's behalf. (ECF 1 at 2.)

Plaintiff's allegations–that Defendant froze his accounts and provided extremely poor customer service, and that Defendant's acts or omissions caused him great financial difficulty–do

5

not suggest that Defendant discriminated against him *because* of his disability, or in some manner failed to accommodate his disability. *See, e.g., Jensen v. Navy Fed. Credit Union*, No. 25-CV-460, 2025 WL 2676103, at *1 (D. Ariz. Sept. 18, 2025) (holding that *pro se* complaint did not contain facts showing that defendant's practices "disproportionately affected [the p]laintiff because of his disability"); *Harkins v. Citizens National Bank*, 577 F. Supp. 3d 200, 203–04 (W.D.N.Y. 2022) (holding that complaint did not "plausibly allege a causal link between" *pro se* plaintiff's disability and defendant's "security-interest clause"); *Schenk v. Citibank*, No. 10-CV-2856, 2010 WL 2681021, at *1-2 (E.D.N.Y. July 1, 2010) (holding that allegations that plaintiff's "bank account was closed in retaliation for seeking a special accommodation for her alleged disability," in violation of the ADA were, "at present, conclusory.")

In short, it "is not enough for Plaintiff to state that [he] is disabled and that bad things happened to [him] . . . [he] must allege facts from which a reasonable trier of fact could infer that these things happened to [him] because of discrimination on the basis of [his] disability." *Amato v. McGinty*, No. 21-CV-0860, 2022 WL 226798, at *9 (N.D.N.Y. Jan. 26, 2022). The Court therefore dismisses Plaintiff's ADA and Rehabilitation Act claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    Constitutional claims**

Plaintiff asserts that Defendant violated his constitutional rights to equal protection and due process. The Court construes these claims as arising under 42 U.S.C. § 1983, or under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988); *see also Ashcroft v. Iqbal*,

6

556 U.S. 662, 675 (2009) (noting that *Bivens* "is the federal analog to suits brought against state officials under" Section 1983). Private parties therefore generally are not liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). In other words, "the under-color-of-state-law element of [Section] 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999) (internal quotation marks omitted); *Fabrikant v. French*, 691 F.3d 193, 206 (2d Cir. 2012) ("Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action.").

Courts have held that Defendant Navy Federal Credit Union ("NFCU"), like other credit unions, is not a state or federal actor for purposes of liability under Section 1983 or *Bivens. See, e.g., Anderson v. Wiggins,* 460 F. Supp. 2d 1, 7 (D.D.C. 2006) (explaining that a "federal credit union–although perhaps misleading in use of the word 'federal'–is not a government agency, but rather is a private corporation or association"); *Menard v. First Source Federal Credit Union*, No. 22-CV-0038, 2022 WL 226763, at *3 (N.D.N.Y. Jan. 26, 2022) (noting that "courts have repeatedly held that federal credit unions are not state actors.") (quoting *Barroga-Hayes v. Susan D. Settenbrino, P.C.*, No. 10-CV-5298, 2012 WL 1118194, at *9 (E.D.N.Y. Mar. 30, 2012)); *Pierre v. Melrose Credit Union*, No. 17-CV-2799, 2018 WL 3057686, at *5 (E.D.N.Y. June 19, 2018) (same); *Darden v. TransUnion LLC, et al.,* No. 23-CV-4771, 2023 WL 8785253, at *4 (N.D. Ga. Oct. 26, 2023) (dismissing Section 1983 claims against NFCU because there were no

facts "establish[ing] a violation of a constitutional right, nor does Plaintiff assert facts to demonstrate Defendants were acting under the color of state law."); *Fiorani v. Navy Fed. Credit Union*, No. 15-CV-291 (E.D. Va. Apr. 4, 2015) (holding that NFCU "is not a government agency and therefore is not a proper defendant" in a civil rights action) (citing *Anderson,* 460 F. Supp. 2d at 7)).

Plaintiff has failed to provide facts showing that Defendant acted under state or federal law, or that it may be deemed to be a state or federal actor. Plaintiff thus has not stated a claim against Defendant under Section 1983 or *Bivens*, and the Court must dismiss Plaintiff's constitutional claims against Defendant, a private entity, for failure to state a claim on which relief may be granted.

C.    **Other statutory federal claims**

The Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest.*" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" provided in *pro se* cases, *id*. at 475 (citation omitted), has its limits–to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004) (holding that "the basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike.") Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. (*Id.*)

8

Here, Plaintiff purports to bring claims under "banking regulatory rules" and "relevant banking and consumer protection laws." (ECF 19 at 1, 3.) He filed this action under the Court's federal question jurisdiction, 28 U.S.C. § 1331, but does not invoke specific statutes or causes of action. Plaintiff's allegations, even construed liberally, do not suggest any viable claims arising under federal law. In short, Plaintiff does not state the federal statutory basis of his claims, and the facts alleged do not plausibly suggest any viable causes of action falling within this Court's jurisdiction. Accordingly, the Court dismisses, for failure to state a claim on which relief may be granted, Plaintiff's claims arising under banking or consumer protection laws or regulations. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.    Supplemental jurisdiction**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**E.    Further leave to amend denied**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity

9

to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. 28 U.S.C. § 1367.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this case.

SO ORDERED.

Dated:   November 3, 2025
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge